# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CRAIG ATKINS,**
**Claimant Below, Petitioner**

**vs.)**  **No. 18-0728** (BOR Appeal No. 2052632)
(Claim No. 2012038982)

**BECKLEY RALEIGH YMCA,**
**Employer Below, Respondent**

**FILED**
**April 25, 2019**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Craig Atkins, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Beckley Raleigh YMCA, by Jillian L. Moore, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability Mr. Atkins sustained as a result of the compensable injury. The claims administrator granted a 2% award on September 30, 2016. The Office of Judges affirmed the decision in its February 23, 2018, Order. The Order was affirmed by the Board of Review on July 20, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Atkins, a grounds keeper, was injured in the course of his employment on May 11, 2012, when he fell while painting a soccer field. He sought treatment on May 23, 2012, at MedExpress and reported that he injured both knees, but only the right knee was painful. He was diagnosed with a knee sprain. X-rays of the right knee showed mild degenerative narrowing in the joint spaces and a small area of calcification. X-rays of the left knee showed mild narrowing of the joint spaces. The Employees' and Physicians' Report of Injury was completed that day and indicates Mr. Atkins was diagnosed with a right knee sprain after falling while painting a soccer field. A right knee MRI was performed on June 25, 2012, and showed early subchondral collapse

1

of the medial femoral condyle, fluid in the pretibial bursa, and a complex tear of the medial meniscus. The claim was held compensable for right knee sprain/strain.

Jerry Scott, M.D., performed an independent medical evaluation on January 28, 2014, in which he diagnosed bilateral degenerative disease with chondromalacia and a medial meniscus tear that were both degenerative and preexisting. He opined that Mr. Atkins had reached maximum medical improvement and assessed 0% impairment.

In an Office of Judges' decision dated June 3, 2014, torn medial meniscus in the right knee was added as a compensable condition in the claim. The Order also noted that "[i]t is found that the overall record supports that the claimant did have a contusion of both knees which resulted in a compensable injury." Pursuant to the Office of Judges' Order, right knee torn meniscus was added to the claim on July 2, 2014. On July 21, 2014, bilateral knee x-rays showed degenerative changes in the medial compartment of both knees with joint space narrowing.

Bruce Guberman, M.D., performed an independent medical evaluation on December 11, 2014, in which he diagnosed chronic posttraumatic strain and contusion of both knees and medial meniscus tear of the right knee. He opined that Mr. Atkins had 4% impairment for each knee for a total of 8% impairment. He further opined that no apportionment was necessary for the mild degenerative changes seen on x-rays because Mr. Atkins would have received no impairment based on those findings prior to the compensable injury.

On January 16, 2015, H.R. Fleschner, D.C.C.R.P., performed an independent medical evaluation in which he diagnosed chronic posttraumatic strain of the right knee, right medial meniscus tear, and chronic posttraumatic sprain/contusion of the left knee. He assessed 4% impairment for each knee. Dr. Fleschner declined to apportion the impairment because Mr. Atkins had no preexisting history of knee pain, no medical history of knee conditions, and he was fully capable of performing his work duties and activities of daily living prior to the compensable injury.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on May 8, 2015, in which he diagnosed bilateral knee contusions and preexisting degenerative arthrosis of the knees. He assessed 0% impairment for the compensable injury. Dr. Mukkamala opined that Mr. Atkins's ongoing complaints are due to his preexisting arthrosis.

In an independent medical evaluation on September 28, 2015, Paul Bachwitt, M.D., diagnosed left knee sprain/strain and right knee sprain/strain superimposed on preexisting degenerative changes in both knees. He opined that the right knee meniscal tear was likely related to the compensable injury and assessed 0% impairment.

The Office of Judges granted a 4% permanent partial disability award on December 11, 2015. The Board of Review reversed the decision in its May 11, 2016, Order and remanded the case for another impairment evaluation because there was no physician of record that recommended 4% impairment. It also found that none of the reports of record accurately assessed Mr. Atkins's impairment.

Marsha Bailey, M.D., performed an independent medical evaluation on August 3, 2016, in which Mr. Atkins reported constant pain in both knees. Dr. Bailey noted that he had swelling and varicosities in both legs. His range of motion was restricted by discomfort. Dr. Bailey found that the area seen on x-ray as showing degenerative joint disease was the same area that was tender to palpitation on examination. She diagnosed bilateral knee contusions, possible sprain/strain of both knees, medial meniscus tear of the right knee, bilateral knee degenerative joint disease, and osteoarthritis. Dr. Bailey opined that the contusions, possible sprain/strain to both knees, and right meniscal tear were all related to the compensable injury. She determined that Mr. Atkins had reached maximum medical improvement and assessed 8% right knee impairment and 4% left knee impairment for a total of 12%. However, she apportioned 10% to preexisting, noncompensable degenerative joint disease, osteoarthritis, and obesity. The claims administrator granted a 2% permanent partial disability award on September 30, 2016.

In an April 4, 2017, supplemental report, Dr. Guberman stated that he disagreed with Dr. Bailey's apportionment of 10% impairment to preexisting conditions. Dr. Guberman opined that her apportionment was inconsistent with Mr. Atkins's history of no prior knee symptoms and the fact that he had no problem performing his work and daily living activities prior to the compensable injury. Dr. Guberman concluded that there is no history or objective findings indicating Mr. Atkins had any knee impairment prior to the compensable injury.

David Jenkinson, M.D., performed an independent medical evaluation on November 14, 2017, in which he noted that Mr. Atkins had full range of motion in both knees. Dr. Jenkinson opined, based on imaging studies, that Mr. Atkins had advanced osteoarthritis in both knees, with the most severe changes being in the medial compartments. He further opined that the medial meniscus tear was part of the degenerative process and not due to the compensable injury. Dr. Jenkinson assessed 10% impairment for the right knee and 8% for the left for a total of 17% impairment, but he apportioned the entire amount to preexisting, advanced osteoarthritis.

The Office of Judges affirmed the claims administrator's grant of a 2% permanent partial disability award in its February 23, 2018, Order. It found that on May 28, 2014, Mr. Atkins was granted a 0% permanent partial disability award. The Office of Judges reversed that decision and awarded a 4% award for the right knee. The Board of Review reviewed the case and on May 11, 2016, issued a decision reversing and remanding the case for an additional evaluation to determine permanent impairment. The Board of Review found that no physician of record recommended a 4% permanent partial disability award. The Board further determined "that none of the reports of record accurately represents the amount of the claimant's whole person impairment arising from his compensable injury." Therefore, on remand, the Office of Judges found that the law of the case is that the reports of Drs. Scott, Mukkamala, Bachwitt, Guberman, and Fleschner are unreliable.

Of the remaining assessments of impairment, Dr. Guberman was the only one submitted by Mr. Atkins. The Office of Judges determined that his report was a supplement to his prior evaluation. He performed no new examination of Mr. Atkins, and his findings relied on his prior report, which was found to be unreliable. Therefore, the Office of Judges concluded that Mr. Atkins failed to show that he was entitled to greater than the 2% impairment already awarded. The Office of Judges also noted that the employer argued that the 2% award should be reduced to 0%

based on the report of Dr. Jenkinson. The Office of Judges determined that Dr. Jenkinson opined that the right medial meniscus tear was not compensable. The right medial meniscus tear is part of the claim, and therefore his report was found to be unreliable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 20, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Bailey examined Mr. Atkins, reviewed his medical records, and provided a reliable assessment of his impairment. Given the Board of Review's prior decision, her report is the most reliable assessment of record of Mr. Atkins's permanent partial disability.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison